NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000143
12-SEP-2014
08:17 AM

NO. CAAP-12-0000143

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
CHARLOTTE PUANANI KAHALEWAI, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1P111-11380)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Ginoza, JJ.)

Defendant-Appellant Charlotte Puanani Kahalewai (Kahalewai), pro se, appeals from a "Notice of Entry of Judgment and/or Order" entered on January 24, 2012, and a "Notice of Entry of Judgment and/or Order" denying Kahalewai's post-judgment motion[1] entered on March 12, 2012, in the District Court of the First Circuit, Honolulu Division (district court).[2] Judgment was entered against Kahalewai for Criminal Trespass in the Second Degree in violation of Hawaii Revised Statutes (HRS) § 708-814(1)(a) (Supp. 2013).

Kahalewai's opening brief does not comply with Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 28 in numerous ways.[3]

---

[1] On January 30, 2012, Kahalewai filed a document entitled "Writ of De Novo" which appears to seek some type of post-judgment relief.

[2] The Honorable Dean Ochiai presided.

[3] Among other things, Kahalewai's opening brief lacks a concise statement of the case with record cites; a concise statement of the points of
(continued...)

This could be sufficient grounds to dismiss Kahalewai's appeal. Bettencourt v. Bettencourt, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995); HRAP Rule 30 ("When the brief of an appellant is otherwise not in conformity with these rules, the appeal may be dismissed[.]").  However, we seek to address cases on the merits where possible and thus we address Kahalewai's arguments to the extent they are discernable.  See Bettencourt, 80 Hawai'i at 230, 909 P.2d at 558.

Kahalewai bases her appeal on the following grounds: there was insufficient evidence to support a conviction for criminal trespass; the heirs of Kamehameha I are the legal landowners of 'Iolani Palace; and the heir of Kamehameha I, Kamehameha VI, gave her permission to be on the grounds of 'Iolani Palace.

Kahalewai appears to assert that there was insufficient evidence to convict her of criminal trespass because she and her group gathered peacefully on the grounds of 'Iolani Palace; the signs at 'Iolani Palace indicated the grounds were open to the public at the time of her arrest; and she was not an "intruder" as she asserts is required by HRS § 708-814.[4]  HRS § 708-814(1)(a) provides that a person commits the offense of criminal trespass in the second degree if "[t]he person knowingly enters or remains unlawfully in or upon premises that are enclosed in a manner designed to exclude intruders or are fenced[.]" Given the express language of the statute, Kahalewai's assertions regarding

---

[3](...continued)
error that identify the alleged error and includes record cites to reflect where the alleged error occurred and where Kahalewai brought the alleged error to the district court's attention; a "Standard of Review" section; or an argument section containing citations to authorities or parts of the record relied upon. See HRAP Rule 28(b).

[4]  We note that Kahalewai also argues that she was not asked to leave the premises by the owner of the land as she asserts is required by HRS § 708-814(1)(b).  We need not address this argument because Kahalewai was charged with, and convicted of, violation of HRS § 708-814(1)(a), not subsection (1)(b).

the peaceful nature of her presence on the grounds of 'Iolani Palace and that she was not an "intruder" are not exculpatory.

Moreover, Kahalewai does not point to anything in the record that supports her argument as to the insufficiency of the evidence. The burden is upon the appellant "to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript. The law is clear in this jurisdiction that the appellant has the burden of furnishing the appellate court with a sufficient record to positively show the alleged error." Bettencourt, 80 Hawai'i at 230, 909 P.2d at 558 (citations, internal quotation marks, and brackets omitted). Kahalewai has not provided any transcripts from the proceedings before the district court. Without transcripts from the trial, there is no way for this court to determine the sufficiency of the evidence submitted against Kahalewai. "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusions." HRAP 10(b)(3); see also HRAP 11(a) ("It is the responsibility of each appellant to provide a record . . . that is sufficient to review the points asserted[.]"). Thus, there is no basis for this court to determine whether the district court somehow erred. See Bettencourt, 80 Hawai'i at 230, 909 P.2d at 558. "Because we cannot verify the alleged error from the record in this case, and we will not presume error based upon a silent record, the presumption that the trial court acted without error must prevail." State v. Hoang, 93 Hawai'i 333, 336, 3 P.3d 499, 502 (2000).

Kahalewai also asserts that the heirs of Kamehameha I own the grounds of 'Iolani Palace and that Kamehameha VI gave her permission to be on the premises. She attaches to her opening brief over sixty pages of documents upon which she apparently relies to support her argument. However, there is no indication in the record, and Kahalewai does not assert, that these

3

documents were considered by the district court, that these documents were admitted into evidence, or even if Kahalewai made this argument before the district court. Her argument is thus waived. See HRS § 641-2 (Supp. 2013) ("The appellate court . . . need not consider a point that was not presented in the trial court in an appropriate manner."); State v. Moses, 102 Hawai'i 449, 456, 77 P.3d 940, 947 (2003) ("As a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal[.]"); Hoang, 93 Hawai'i at 336, 3 P.3d at 502.

Therefore, it is hereby ordered that the "Notice of Entry of Judgment and/or Order" entered January 24, 2012, and the "Notice of Entry of Judgment and/or Order" entered March 12, 2012, in the District Court of the First Circuit, Honolulu Division are affirmed.

DATED: Honolulu, Hawai'i, September 12, 2014.

On the briefs:

Charlotte Puanani Kahalewai
Defendant-Appellant, pro se

Vince S. Kanemoto
Laura K. Maeshiro
Deputy Attorneys General
Criminal Justice Division
Department of the Attorney General
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge